IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER H. ALANIZ, | § | |
| *also known as* | § | |
| HOWARD CHRISTOPHER ALANIZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0299 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus wherein he challenges the parole board's decision to deny him release on parole. Petitioner is currently confined in the Clements Unit in Potter County, Texas pursuant to 2003 convictions for the offenses of delivery of a controlled substance and aggravated assault. Petitioner received an eight-year sentence on each conviction, sentences to run concurrently. Petitioner now contends (1) he is entitled to release on parole, (2) the Texas Department of Criminal Justice (TDCJ) is forcing him to work, (3) there is no basis for the parole board's denial of release on parole, and (4) petitioner has taken steps to receive early release on parole (such as attending classes) and yet has not received such release. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be

DISMISSED.

## I.
## FAILURE TO EXHAUST

A state prisoner must exhaust all available state remedies before proceeding in federal habeas court unless circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), (c); *Cruz v. Skelton*, 205 F.2d 1101, 1102 (5th Cir. 1974) (holding if a petitioner seeks "release from confinement, his proper federal remedy would be habeas corpus after exhaustion of his available state remedies"). Prisoners challenging something other than a state court judgment are at least required to exhaust the prison grievance procedures before proceeding to federal court and may be required to additionally bring the challenge in state court. *Gartrell v. Gaylore*, 981 F.2d 254, 258 n. 3 (5th Cir. 1993); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978), *cert. denied*, 448 U.S. 848 (1979).

In his habeas corpus petition, petitioner advises that he has not utilized TDCJ grievance procedures in an attempt to resolve the issues presented in his habeas corpus petition. In addition, petitioner fails to indicate whether he has applied for a writ of habeas corpus with the state court, but a review of the Texas Court of Criminal Appeals website indicates petitioner's last state habeas corpus was filed in 2007. It is not necessary to determine whether petitioner should have presented his claims to the Texas Court of Criminal Appeals to exhaust or whether he could have exhausted through the grievance process. Alaniz did neither. Petitioner has failed to exhaust his available state remedies, and this petition must be dismissed for such failure to exhaust.[1]

---

[1] Even if petitioner had properly exhausted his claims, they would likely fail. Petitioner has no liberty interest in receiving parole, as he contends in his first, third, and fourth grounds of error. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("[T]here is no constitutional expectancy of parole in Texas."). And whether TDCJ is forcing him to work, as petitioner claims in his second ground of error, is not cognizable in habeas corpus. *See Carson v. Johnson*, 112 F.2d 818, 820-821 (5th Cir. 1997) ("If a 'favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." (internal citations omitted)).

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner CHRISTOPHER H. ALANIZ be DISMISSED.

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of February, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).